UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**CASE NO.: 1:18-cv-22766**

| | |
|---|---|
| ADELA MEDINA, individually,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SERGIO VELAZQUEZ, in his official capacity of Chief of Police for the City of Hialeah Police Department, THE CITY OF HIALEAH, a municipal corporation, MS. KAREN SMITH-BONILLA, in her individual capacity,<br><br>　　　　　Defendants. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, MS. KAREN SMITH-BONILLA ("SMITH-BONILLA"), pursuant to 28 U.S.C. §1446, hereby removes the action pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Case No.: 18-019522-CA-01, which is within the Division of the Southern District of Florida. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1367, and 1441(a). As grounds for removal, SMITH-BONILLA respectfully submits the following:

**(I)　Procedural Background and Compliance with 28 U.S.C. § 1446**

Plaintiff filed the Complaint in state court on June 8, 2018. Defendant SMITH-BONILLA was served on June 22, 2018, and the Defendant's deadline to remove this

pursuant to 28 U.S.C. § 1446(b) is July 23, 2018. Thus, this Notice is timely under 28 U.S.C. § 1446(b)(1).

Defendant, THE CITY OF HIALEAH, was served on June 21, 2018. No other defendants have been served as of the date of this Notice. Defendant, THE CITY OF HIALEAH, consents to removal of this action to the U.S. District Court, Southern District of Florida, Miami Division. Thus, this Notice meets requirements of 28. U.S.C. § 446(b)(2).

Contemporaneous with the filing of this Notice of Removal, Defendant SMITH-BONILLA has served the Notice of Removal upon the Plaintiff and has filed the Notice of Removal with the clerk of the state court pursuant to the requirements of 28 U.S.C. § 1446(d).

**(II)   Memorandum in Support – Grounds for Removal**

Removal is authorized under 28 U.S.C. § 1331 because the Complaint raises claims under the IV and XIV Amendments and under 42 U.S.C. § 1983, and therefore raises federal claims over which this Court has original jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff's Complaint alleges that Defendant SMITH-BONILLA deprived her of her right to due process of law under the IV and XIV Amendments to the United States Constitution. Plaintiff alleges that Defendant SMITH-BONILLA was acting under color of law and is therefore subject to civil liability under 42 U.S.C. § 1983. *See* Complaint at ¶¶13,

56-66. Claims under 42 U.S.C. § 1983 are civil actions for deprivation of rights arising under the laws of the United States and are therefore removable. *See Miller v. Cogoni*, 302 F. App'x 898, 900 (11th Cir. 2008) (affirming dismissal of action removed to federal court that sought relief under 42 U.S.C. § 1983); *Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (appellants properly removed case seeking relief under 42 U.S.C. § 1983 to federal court on the basis of federal question subject matter jurisdiction); *Bello v. Johnson*, No. 10-20240-CIV, 2010 WL 3895561, at *2 (S.D. Fla. 2010) (defendants properly removed action alleging malicious prosecution under 42 U.S.C. § 1983).

Accordingly, Removal is authorized under 28 U.S.C. §§ 1331 and 1441(a) because the Complaint raises claims under the IV and XIV Amendments and 42 U.S.C. § 1983, and, therefore, raises federal claims over which this Court has original jurisdiction.

This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiff's state law claims for "false arrest / false imprisonment and detention" and malicious prosecution. For a federal court to retain jurisdiction of state law claims under pendent jurisdiction doctrine, the federal claim must have substance sufficient to confer subject matter jurisdiction on the court; the state and federal claims must derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Therefore, because this court has jurisdiction over the Plaintiff's constitutional claims, this court also has jurisdiction over Plaintiff's state law claims of wrongful death against the Defendants pursuant to 28 U.S.C. § 1367 because both claims arise out of the same common nucleus of operative fact.

WHEREFORE, Defendant, MS. KAREN SMITH-BONILLA, hereby removes this case to the United States District Court for the Southern District of Florida, Miami Division.

Respectfully submitted,

By: *s/ Devang Desai*
Devang Desai, Esquire - FBN: 664421
ddesai@gaebemullen.com
gbarker@gaebemullen.com (secondary)
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **10 day of July, 2018**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *s/ Devang Desai, Esq.*
DEVANG DESAI, ESQ.
ddesai@gaebemullen.com