Filing # 73295701 E-Filed 06/08/2018 12:41:44 PM

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Adela Medina</u>
 Plaintiff
           vs.
<u>Sergio Velazquez, Karen Smith-Bonilla, The City of Hialeah</u>
Defendant

---

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.   REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

**IV.   NUMBER OF CAUSES OF ACTION: (     )**
   (Specify)

   7

**V.   IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

**VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Ramon Sarmiento        FL Bar No.:  0645702
      Attorney or party                                        (Bar number, if attorney)

      Ramon Sarmiento        06/08/2018
      (Type or print name)                                Date

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

ADELA MEDINA, individually,

        Plaintiff,

vs.

CASE NO.: 18-19522
CAO1

SERGIO VELAZQUEZ, in his official
capacity as Chief of Police for the City of
Hialeah Police Department, THE CITY
OF HIALEAH, a municipal corporation
MS. KAREN SMITH-BONILLA, in her
individual capacity

        Defendant.

_____/

THE STATE OF FLORIDA:

To all and singular the Sheriff of said State:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint or Petition in this action on Defendant:

**SERVE: MS. KAREN SMITH-BONILLA, CITY OF HIALEAH POLICE DEPT., 5555 E.
8th Ave, Hialeah, FL 33013**

Each Defendant is required to serve written defenses to the Complaint or Petition on Ramon
Sarmiento, Esq., Baron, Breslin & Sarmiento, The DuPont Building, Suite 700, 169 East Flagler
Street, Miami, Florida 33131, Tel: 305-577-4626, Fax: 305-577-4630; Email:
RS@RichardBaronLaw.com Plaintiff's attorneys, within twenty (20) days after service of this
Summons on that Defendant, exclusive of the day of service, and to file the original of the
defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately
thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the
relief demanded in the Complaint or Petition.

        WITNESS my hand and the Seal of said Court

JUN 1 8 2018

MICHELLE GONZALEZ

As Clerk of said Court

1

## **IMPORTANT**

A lawsuit has been filed against you. You have to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" Ramon Sarmiento, Esq., Baron, Breslin & Sarmiento, The DuPont Building, Suite 700, 169 East Flagler Street, Miami, Florida 33131, Tel: 305-577-4626, Fax: 305-577-4630; Email: RS@RichardBaronLaw.com

## **IMPORTANTE**

Usted ha sido demandado legalmente. Para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) Ramon Sarmiento, Esq., Baron, Breslin & Sarmiento, The DuPont Building, Suite 700, 169 East Flagler Street, Miami, Florida 33131, Tel: 305-577-4626, Fax: 305-577-4630; Email: RS@RichardBaronLaw.com

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 5 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous Ramon Sarmiento, Esq., Baron, Breslin & Sarmiento, The DuPont Building, Suite 700, 169 East Flagler Street, Miami, Florida 33131, Tel: 305-577-4626, Fax: 305-577-4630; Email: RS@RichardBaronLaw.com

2

## RETURN OF SERVICE

State of Florida                    County of MIAMI-DADE                    Circuit Court

Case Number: 18-19522-CA-01

Plaintiff:
**ADELA MEDINA, individually**

vs.

Defendant:
**SERGIO VELAZQUEZ, in his official capacity as Chief of Police for the
City of Hialeah Police Department, THE CITY OF HIALEAH, a municipal
corporation MS. KAREN SMITH-BONILLA, in her individual capacity**

For:
Ramon Sarmiento
BARON, BRESLIN & SARMIENTO
169 E FLAGLER ST
Ste 700
Miami, FL 33131

Received by Lindsay Legal Services, Inc on the 18th day of June, 2018 at 3:45 pm to be served on **CITY OF
HIALEAH, 501 PALM AVENUE, HIALEAH, FL 33010.**

I, Roberto Lindsay, do hereby affirm that on the **21st day of June, 2018** at **1:40 pm, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **SUMMONS, CIVIL COVER SHEET
AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **AMAYA RICO** as
**MAYOR ASSISTANT** for **CITY OF HIALEAH**, and informed said person of the contents therein, in
compliance with State Statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I
declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY
REQUIRED PURSUANT TO F.S.92.525(2)

_____

Roberto Lindsay
C.P.S. 1094

**Lindsay Legal Services, Inc**
**7105 SW 8th Street**
**Suite 307**
**Miami, FL 33144**
**(305) 273-0317**

Our Job Serial Number: RLA-2018001348

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t

Lindsay Legal Services, Inc
7105 SW 8th Street
Suite 307
Miami, FL 33144
Phone: (305) 273-0317

**INVOICE**

Invoice #RLA-2018001348
6/21/2018



BARON, BRESLIN & SARMIENTO
169 E FLAGLER ST
Ste 700
Miami, FL 33131

**Case Number: MIAMI-DADE 18-19522-CA-01**

Plaintiff:
**ADELA MEDINA, individually**

Defendant:
**SERGIO VELAZQUEZ, in his official capacity as Chief of Police for the City of Hialeah Police Department,
THE CITY OF HIALEAH, a municipal corporation MS. KAREN SMITH-BONILLA, in her individual capacity**

Received: 6/18/2018    Served: 6/21/2018 1:40 pm  GOVERNMENT AGENCY
To be served on: CITY OF HIALEAH

ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
| --- | --- | --- | --- |
| Service Fee Local | 1.00 | 40.00 | 40.00 |
| TOTAL CHARGED: | | | $40.00 |

**BALANCE DUE:** **$40.00**

Please enclose a copy of this invoice with your payment.

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

ADELA MEDINA, individually,

      Plaintiff,               CASE NO.:

vs.

SERGIO VELAZQUEZ, in his official
capacity as Chief of Police for the City of
Hialeah Police Department, THE CITY
OF HIALEAH, a municipal corporation
MS. KAREN SMITH-BONILLA, in her
individual capacity

      Defendant.

_____/

**COMPLAINT**

    COMES NOW, PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF"), by and through her undersigned counsel and sues Defendant, SERGIO VELAZQUEZ, in his official capacity as Chief of Police for the City of Hialeah Police Department, Hialeah, Florida (hereinafter referred to as "Defendant CHIEF"); THE CITY OF HIALEAH, a municipal corporation (hereinafter referred to as "Defendant HIALEAH"); MS. KAREN SMITH-BONILLA, in her individual capacity (hereinafter referred to as "Defendant SMITH-BONILLA"); (All Defendants will hereinafter collectively be referred to as "Defendants"), and herein requests Judgment against Defendants. PLAINTIFF states as follows:

**PARTIES**

1. PLAINTIFF is presently a resident of Hialeah, Miami-Dade County, Florida and at all material times herein were residents of Miami-Dade County, Florida.

2. Defendant CHIEF is being sued in his official capacity as Chief of the Police Department of Hialeah, Florida and is responsible for the policies and conduct of its officers, including Defendant SMITH-BONILLA. Hialeah Police Department is the law enforcement agency for the

City of Hialeah (hereinafter referred to as "HPD"). A suit against Defendant Chief of Police in his official capacity is a suit against the HPD.

3. In 2014, the HPD were called to scene of a car accident within the City limits of Hialeah, Miami-Dade County Florida.

4. Defendant SMITH-BONILLA is a police officer who is employed by Defendant CHIEF through the Hialeah Police Department; is over the age of 18 and on information and belief is a resident in or conducts business in Miami-Dade County, Florida and is being sued in his individual capacity.

5. Defendant CITY OF Hialeah is a municipal corporation (hereinafter referred to as "CITY "), is situated in Miami-Dade County, Florida and through its law enforcement agency, the Hialeah Police Department, is responsible for the policies and conduct of its' officers, including Defendant CHIEF and Defendant SMITH-BONILLA.

6. All Defendants worked concurrent with, in connection with each other, and under the supervision of their individual employers at all relevant times to effectuate one purpose.

## VENUE AND JURISDICTION

7. This action is proper in the Circuit Court in and for Miami-Dade County, Florida as all material facts of this cause of action occurred in Orange County, Florida and this where the cause of action accrued.

8. This is an action for damages in excess of Fifteen Thousand and 00/100 Dollars ($ 15,000.00), exclusive of attorneys' fees and costs.

9. Pursuant to § 768.28(6)(a), Florida Statutes, PLAINTIFF have notified Defendant CITY of their claims six months or more prior to the filing of this action and said claims were not resolved. PLAINTIFF have fully complied with § 768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services (a true and correct copy of the Notices and their Service Cards are attached hereto as composite Exhibit "A").

10. Pursuant to § 768.28(6)(a), Florida Statutes, PLAINTIFF and MR. GORDON have notified Defendant OCOEE of their claims six months or more prior to the filing of this action and said claims were not resolved. PLAINTIFF and MR. GORDON have fully complied with §

768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services (a true and correct copy of the Notices and their Service Cards are attached hereto as composite Exhibit "B").

11. Concurrent jurisdiction is conferred in the Circuit Court in and for Miami-Dade County, by *28 U.S.C. § 1331,* to decide cases presenting a question arising under the Constitution and the laws of the United States, and by *28 U.S.C. § 1343* (a)(3) and (4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.

12. Jurisdiction is conferred in the Circuit Court in and for Orange County, Florida, by Article V, Section 5(b) of the Florida Constitution to hear all state law claims including claims under the Constitution of the State of Florida.

13. This is an action brought pursuant to *42 U.S.C. § **1983**,* which provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory . . . subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or others proper proceeding for redress.

14. All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

## FACTS

15. At all relevant times PLAINTIFF resided in Hialeah, Miami-Dade County, Florida.

16. On or about June 11, 2014 PLAINTIFF was arrested and charged with resisting arrest with violence in violation of Fl. Stat. 843.01 and Battery of a Law Enforcement officer in violation of Fl. Stat. 784.07 stemming from a traffic accident investigation being conducted by the Police.

17. A short time thereafter the State of Florida filed a Misdemeanor Information charging the PLAINTIFF with one misdemeanor count of resisting arrest without violence.

17. The Individual Defendants made material misstatements of fact and omitted various other facts concerning the investigation during the prosecution.

18. PLAINTIFF's husband was involved in a car accident within the City of Hialeah on June 11,

2014.

19. PLAINTIFF arrived on the scene to assisted her husband with their vehicle and was attempting to return the vehicle home.

20. SMITH-BONILLA arrived on the scene and insisted on having the PLAINTIFF's vehicle towed although it was drivable and no reason existed for it to be towed.

21. PLAINTIFF was in the driver's seat of the vehicle when she was allegedly refused commands to exit her vehicle.

22. As result of alleged refusal to exit her vehicle SMITH-BONILLA physically forced PLAINTIFF out of the vehicle and physically forced PLAINTIFF to the ground and using a taser then "tazed" the PLAINTIFF.

23. Based on the false information, PLAINTIFF was falsely arrested and suffered injuries as result of the force used by SMITH-BONILLA.

24. Defendants knew that PLAINTIFF had not committed any crime(s). The charges brought against PLAINTIFF have been dismissed. The charges were dismissed on or about October 6, 2014.

25. PLAINTIFF suffered damages and costs in defending the prosecution.

26. All of the Defendants acted in concert and collectively in effectuating the arrest of PLAINTIFF.

27. PLAINTIFF was forced to hire counsel to defend her in the criminal matter.

28. PLAINTIFF's life has never been the same as result of this incident.

## COUNT I - FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
## (DEFENDANT CHIEF)

COMES NOW PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF"), by and through her undersigned counsel, and sues Defendant, SERGIO VELAZQUEZ, in his official capacity as Chief of Police for the City of Hialeah Police Department, Miami-Dade County, Florida (hereinafter referred to as "Defendant CHIEF"), and herein seeks damages against Defendant CHIEF, and for any other and further relief as this Court deems just and proper, and states as follows:

Page 4 of 16

29. This is a cause of action for false arrest/false imprisonment and detention against Defendant CHIEF, for damages in excess of Fifteen Thousand and 00/100 Dollars (S15,000.00). PLAINTIFF realleges the allegations contained in paragraphs 1 through 6, 7 through 14, and 15 through 28 above, as if fully set forth herein.

30. On or about June 11, 2014, Defendant CHIEF, through its employees and agents acting in the course and scope of their duties as police officers caused PLAINTIFF to be deprived of her freedom and liberty and restrained her in her movements at the scene of her arrest and detention and continuing until she was released from the Miami-Dade County Jail.

31. PLAINTIFF did not consent to the aforementioned actions of Defendant CHIEF, its employees and agents, and said actions were against the will of PLAINTIFF.

32. The restraint of PLAINTIFF by Defendant CHIEF, through its employees and agents acting in the course and scope of their duties as police officers was unlawful, was not based upon any lawfully issued process of court and Defendant CHIEF did not have a valid warrant for the arrest of PLAINTIFF.

33. The restraint of PLAINTIFF was caused by Defendant CHIEF, through its employees and agents acting in the course and scope of their duties as police officers and was unlawful.

34. As a direct and proximate result of Defendant CHIEF'S actions through its employees and agents for which Defendant CHIEF is responsible, PLAINTIFF has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, loss of income, loss of personal items, loss of her business, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue in the future.

WHEREFORE, for the foregoing reasons, PLAINTIFF, ADELA MEDINA, respectfully requests this Court to enter Judgment against Defendant, SERGIO VELAZQUEZ, in his official capacity as Chief of City of Hialeah Police Department, Miami-Dade County, Florida, for damages and costs in the prosecution of this matter and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II - FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
### (DEFENDANT HIALEAH)

COMES NOW PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF"), by and through her undersigned counsel, and sues Defendant THE CITY OF Hialeah, a municipal corporation (hereinafter referred to as "Defendant HIALEAH"), and in support thereof states as follows:

35. This is a cause of action for false arrest/false imprisonment and detention against Defendant HIALEAH and for damages in excess of Fifteen Thousand and 00/100 Dollars ($ 15,000.00).

36. PLAINTIFF realleges the allegations contained in paragraphs 1 through 6, 7 through 14, and 15 through 28 above, as if fully set forth herein.

37. On or about June 11, 2014, Defendant Hialeah, through the Hialeah Police Department, its employees and agents acting in the course and scope of their duties as police officers, acting in concert with the other Defendants deprived PLAINTIFF of her freedom and liberty and restrained her in her movements at the scene of her arrest and detention and continuing until she was released from the Miami-Dade County Jail.

38. PLAINTIFF did not consent to the aforementioned actions of Defendant HIALEAH, its employees and agents, and said actions were against the will of PLAINTIFF.

39. The restraint of PLAINTIFF by Defendant HIALEAH, through its employees and agents acting in the course and scope of their duties as police officers, was unlawful, was not based upon any lawfully issued process of court and Defendant HIALEAH did not have a valid probable cause or warrant for the arrest of PLAINTIFF.

40. As a direct result of Defendant HIALEAH'S actions through its agents and employees, acting in concert with the other Defendants, PLAINTIFF has suffered damages, which include physical inconvenience, physical discomfort and pain, physical suffering, loss of time, loss of income, loss of personal items, loss of her business, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, for the foregoing reasons, PLAINTIFF, ADELA MEDINA respectfully requests this Court to enter Judgment against Defendant, THE CITY OF HIALEAH a municipal

corporation, for damages and costs in the prosecution of this matter and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III - FALSE ARREST/FALSE IMPRISONMENT AND DETENTION
## (DEFENDANT SMITH-BONILLA)

COMES NOW PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF"), by and through her undersigned counsel, and sues Defendant, Officer K SMITH-BONILLA, in her individual capacity (hereinafter referred to as "Defendant SMITH-BONILLA"), and herein seeks damages against Defendant SMITH-BONILLA, and for any other and further relief as this Court deems just and proper, and states as follows:

41. This is a cause of action for false arrest/false imprisonment and detention against Defendant SMITH-BONILLA, for damages in excess of Fifteen Thousand and 00/100 Dollars ($ 15,000.00). PLAINTIFF realleges the allegations contained in paragraphs 1 through 6, 7 through 14, and 15 through 28 above, as if fully set forth herein.

42. On or about June 11, 2014, Defendant SMITH-BONILLA caused PLAINTIFF to be deprived of her freedom and liberty and restrained her in her movements at the scene of her arrest and detention and continuing until she was released from the Miami-Dade County Jail.

43. The restraint of PLAINTIFF was caused by Defendant SMITH-BONILLA and was unlawful.

44. As a direct and proximate cause of Defendant SMITH-BONILLA, PLAINTIFF was illegally detained and arrested and was forced to be incarcerated at the Miami-Dade County Jail.

45. As a direct result of Defendant SMITH-BONILLA'S actions, PLAINTIFF has suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of her business, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue in the future.

46. The actions of Defendant SMITH-BONILLA were done in bad faith, with malice and in reckless disregard for the rights of PLAINTIFF.

WHEREFORE, for the foregoing reasons, PLAINTIFF, ADELA MEDINA, respectfully requests this Court to enter Judgment against Defendant, Ms. K SMITH-BONILLA, in her individual capacity, for damages and costs in the prosecution of this matter and such other and

further relief as this Court deems just and proper under the circumstances. Further, PLAINTIFF, ADELA MEDINA seeks an award of punitive damages to punish Defendant, Ms. K SMITH-BONILLA, for the conduct, which would deter her and others from such conduct in the future.

### COUNT IV - MALICIOUS PROSECUTION (DEFENDANT SMITH-BONILLA)

COMES NOW PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF") by and through her undersigned counsel, and sues Defendant, Ms. K SMITH-BONILLA, in her individual capacity (hereinafter referred to as "Defendant SMITH-BONILLA"), and in support therefore states as follows:

47. This is a cause of action for malicious prosecution and malicious continuation of prosecution against Defendant SMITH-BONILLA and for damages in excess of Fifteen Thousand and 00/100 Dollars **[*30]** ($ 15,000.00).

48. PLAINTIFF realleges the allegations contained in paragraphs 1 through 6, 7 through 14, 15 through 28 and 41 through 46 above, as if fully set forth herein.

49. Defendant SMITH-BONILLA owed a duty of care to the citizenry in general, and specifically in this case, she owed a duty of care to PLAINTIFF.

50. On June 11, 2014 (hereinafter referred to as the "Arrest"), Defendant SMITH-BONILLA, with malicious purpose, and acting in concert with the other Defendants caused a prosecution to be instituted against PLAINTIFF.  Further, Defendant SMITH-BONILLA'S actions caused the prosecution to be unnecessarily continued against PLAINTIFF.

51. Said prosecution was instituted without probable cause by Defendant SMITH-BONILLA and the facts known by Defendant SMITH-BONILLA would not have warranted a reasonable person to believe that any criminal offense had been committed by PLAINTIFF.

52. There was absence of probable cause to arrest and prosecute PLAINTIFF and for the continued prosecution against PLAINTIFF.

53. On or about September 24, 2014 the prosecution against PLAINTIFF stemming from her Arrest was terminated in favor of PLAINTIFF. The termination of the prosecution constituted a bona fide termination of those proceedings in favor of PLAINTIFF, that there was an absence of probable cause for the prosecution and continued prosecution against PLAINTIFF.

54. Defendant SMITH-BONILLA acted maliciously and in bad faith against the PLAINTIFF at all times mentioned herein. No prosecution of PLAINTIFF would have occurred but for the actions of Defendant SMITH-BONILLA.

55. As a direct result of Defendant SMITH-BONILLA'S actions, PLAINTIFF has suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of her business, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects, which are continuing to this day and are likely to continue into the future. PLAINTIFF also suffered damages as the result of her being forced to hire counsel and incur attorneys' fees and costs to defend the prosecution.

WHEREFORE, for the foregoing reasons, PLAINTIFF, ADELA MEDINA, respectfully requests this Court to enter Judgment against Defendant, SMITH-BONILLA, in her individual capacity, for damages and costs in the prosecution of this matter, expenses incurred in defending the prosecution and continued prosecution and for such other and further relief as this Court deems just and proper under the circumstances. Further, PLAINTIFF seeks an award of punitive damages to punish Defendant, SMITH-BONILLA, for her conduct, which would deter her and others from such conduct in the future.

## COUNT V - 42 U.S.C. § *1983* (DEFENDANT SMITH-BONILLA)

COMES NOW, PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF") by and through her undersigned counsel, and sues Defendant Ms. K SMITH-BONILLA, in her individual capacity (hereinafter referred to as "Defendant SMITH-BONILLA"), and in support thereof states as follows:

56. This is a cause of action for violation of civil rights under *42 U.S.C. § **1983*** against Defendant SMITH-BONILLA and for damages in excess of Fifteen Thousand and 00/100 Dollars ($ 15,000.00).

57. PLAINTIFF realleges the allegations contained in paragraphs 1 through 6, 7 through 14, 15 through 28 and 41 through 46 above, as if fully set forth herein.

58. PLAINTIFF has the right under the Constitution of the United States Constitution to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be

restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

59. Additionally, PLAINTIFF has the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

60. On or about June 11, 2014, Defendant SMITH-BONILLA, under the color of law and as an employee of Defendant CHIEF, deprived PLAINTIFF of her rights under the United States Constitution, in violation of *42 U.S.C. § **1983**,* in that, without probable cause that PLAINTIFF had committed a violation of law, illegally arrested, handcuffed, "Tazed" and detained and caused PLAINTIFF to be arrested and detained and deprived of her liberty, thereby causing PLAINTIFF physical and emotional pain and suffering. Defendant SMITH-BONILLA had no legal right to detain or arrest PLAINTIFF.  Defendant SMITH-BONILLA'S actions also caused PLAINTIFF to be prosecuted without probable cause and Defendant SMITH-BONILLA allowed the prosecution and continued prosecution without probable cause.

61. The primary, obvious, and sole purpose of the illegal and wrongful detention and unlawful restraint of PLAINTIFF was to deprive and infringe upon PLAINTIFF'S constitutional rights. As a result, PLAINTIFF was deprived of her rights under the Fourth, and Fourteenth Amendments to the United States Constitution.  Violation of these rights entitles PLAINTIFF to an award of damages for loss of those rights and the damages that resulted therefrom.

62. Defendant SMITH-BONILLA took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of PLAINTIFF. The acts of Defendant SMITH-BONILLA violated the clearly established constitutional rights of PLAINTIFF, rights of which every reasonable member of the public or governmental entity should have known.

63. Defendant SMITH-BONILLA knew that her actions would deprive PLAINTIFF of her constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of her actions.

64. As a direct result of Defendant SMITH-BONILLA'S actions, PLAINTIFF has suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of her business, mental suffering, embarrassment,

humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects, and all others damages associated with PLAINTIFF'S arrest, which exist to this day and which emotional suffering and damage is likely to continue into the future. PLAINTIFF was also forced to hire counsel to defend her in the prosecution and continued prosecution and suffered damages as a result.

65. PLAINTIFF has also suffered damages as a result of her Fourth, and Fourteenth Amendment rights being violated.

66. PLAINTIFF has retained the undersigned counsel to bring this action under *42 U.S.C § **1983*** and is entitled to recover from Defendant SMITH-BONILLA a reasonable fee for said counsel pursuant to *42 U.S.C. § 1988*.

WHEREFORE, PLAINTIFF, ADELA MEDINA, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant, SMITH-BONILLA, in her individual capacity, and to award PLAINTIFF her attorneys' fees and costs pursuant to *42 U.S.C. § 1988* and other applicable laws. Further, PLAINTIFF requests punitive damages against Defendant SMITH-BONILLA, individually, for her conduct, which would deter her and others from such conduct in the future.

## COUNT VI - 42 U.S.C. S *1983* (DEFENDANT CHIEF)

COMES NOW, PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF") by and through her undersigned counsel, and sues Defendant CHIEF, in his official capacity as Chief of the City of Hialeah Police Department Miami-Dade County, Florida (hereinafter referred to as "Defendant CHIEF"), and in support thereof states as follows:

67. This is a cause of action for violation of civil rights under *42 U.S.C. § **1983*** against Defendant CHIEF and for damages in excess of Fifteen Thousand and 00/100 Dollars ($ 15,000.00).

68. PLAINTIFF realleges the allegations contained in paragraphs 1 through 6, 7 through 14, 15 through 28 and 29 through 34 above, as if fully set forth herein.

69. PLAINTIFF has the right under the Constitution of the United States Constitution to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the

United States Constitution.

70. Additionally, PLAINTIFF has the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

71. On or about June 11, 2014, Defendant CHIEF, through its employees and agents, including, under the color of law, deprived PLAINTIFF of her rights under the United States Constitution, in violation of *42 U.S.C. § **1983***, in that, without probable cause that PLAINTIFF had committed a violation of law, illegally arrested, handcuffed, "tazed", detained and caused PLAINTIFF to be arrested and detained and deprived of her liberty, thereby causing PLAINTIFF physical and emotional pain and suffering. Defendant CHIEF had no legal right to detain or arrest PLAINTIFF.

72. The primary, obvious, and sole purpose of the illegal and wrongful detention and unlawful restraint of PLAINTIFF to deprive and infringe upon PLAINTIFF'S constitutional rights. As a result, PLAINTIFF was deprived of her rights under the Fourth, and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles PLAINTIFF to an award of damages for loss of those rights and the damages that resulted therefrom.

73. Defendant CHIEF, through its employees and agents, including, acting in the course and scope of their duties as sworn police officers, took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of PLAINTIFF. The acts of Defendant CHIEF violated the clearly established constitutional rights of PLAINTIFF, rights of which every reasonable member of the public or governmental entity should have known.

74. Defendant CHIEF, through its employees and agents, acting in the course and scope of their duties, knew that their actions would deprive PLAINTIFF of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of their actions.

75. Defendant CHIEF is responsible for the acts of its sworn police officers.

76. The actions of Defendant SMITH-BONILLA were done under the color of law and pursuant to the official policy, customs, and practices of Defendant CHIEF.

77. Defendant SMITH-BONILLA had improper training or inadequate training from Defendant CHIEF in the requirements of the United States Constitution and the requirements for a proper

search and seizure.

78. Defendant CHIEF'S policies were the driving force causing Defendant SMITH-BONILLA to illegally search and detain PLAINTIFF and/or cause PLAINTIFF to be illegally searched and detained.

79. Defendant CHIEF approved or ratified the unlawful and illegal conduct of Defendant SMITH-BONILLA and the other sworn officers.

80. Defendant CHIEF has the final policy-making authority for the City of Hialeah Police Department.

81. PLAINTIFF has also suffered damages as a result of her Fourth, and Fourteenth Amendment rights being violated.

82. As a direct result of Defendant CHIEF'S actions, PLAINTIFF has suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of her business, mental suffering, embarrassment, humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects, and all others damages associated with PLAINTIFF'S arrest, which exist to this day and which emotional suffering and damage is likely to continue into the future.

83. PLAINTIFF has retained the undersigned counsel to bring this action under *42 U.S.C § **1983*** and is entitled to recover from Defendant CHIEF a reasonable fee for said counsel pursuant to *42 U.S.C. § 1988*.

WHEREFORE, PLAINTIFF, ADELA MEDINA, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant CHIEF, in his official capacity as Chief of the City of Hialeah Police Department, Miami-Dade County, Florida, and to award PLAINTIFF her attorneys' fees and costs pursuant to *42 U.S.C. § 1988* and other applicable laws.

## COUNT VII - 42 U.S.C. § *1983* (DEFENDANT HIALEAH)

COMES NOW PLAINTIFF, ADELA MEDINA (hereinafter referred to as "PLAINTIFF"), by and through her undersigned counsel, and sues Defendant THE CITY OF HIALEAH, a municipal corporation (hereinafter referred to as "Defendant HIALEAH"), and in support thereof states as follows:

Page 13 of 16

84. This is a cause of action for violation of civil rights under *42 U.S.C. § **1983*** against Defendant HIALEAH and for damages in excess of Fifteen Thousand and 00/100 Dollars ($ 15,000.00).

85. PLAINTIFF realleges the allegations contained in paragraphs 1 through 6, 7 through 14, 15 through 28 and 35 through 40 above, as if fully set forth herein.

86. PLAINTIFF has the right under the Constitution of the United States Constitution to be secure from unlawful searches or unlawful restraint of her person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

87. Additionally, PLAINTIFF has the right under the United States Constitution and the Constitution of the State of Florida to be free from wrongful arrest and prosecution.

88. When a governmental entity delegates its final authority to make decisions to another entity, those decisions necessarily represent official policy. Accordingly, when Defendant HIALEAH delegated its authority over its officers it can be held liable for the actions and policies of the officers and supervisors.

89. On or about June 11, 2014, Defendant HIALEAH, through its employees and agents, under the color of law, deprived PLAINTIFF of her rights under the United States Constitution, in violation of *42 U.S.C. § **1983***, in that, without probable cause that PLAINTIFF had committed a violation of law, illegally arrested, handcuffed, "Tazed" and detained and caused PLAINTIFF to be arrested and detained and deprived of her liberty, thereby causing PLAINTIFF physical and emotional pain and suffering. Defendant HIALEAH had no legal right to detain or arrest PLAINTIFF.

90. The primary, obvious, and sole purpose of the illegal and wrongful detention and unlawful restraint of PLAINTIFF and illegal search of PLAINTIFF was to deprive and infringe upon PLAINTIFF'S constitutional rights. As a result, PLAINTIFF was deprived of her rights under the Fourth, and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles PLAINTIFF to an award of damages for loss of those rights and the damages that resulted therefrom.

91. Defendant HIALEAH, through its employees and agents, acting in the course and scope of

Page 14 of 16

their duties as sworn police officers, took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of PLAINTIFF. The acts of Defendant HIALEAH violated the clearly established constitutional rights of PLAINTIFF, rights of which every reasonable member of the public or governmental entity should have known.

92. Defendant HIALEAH, through its employees and agents, acting in the course and scope of their duties, knew that their actions would deprive PLAINTIFF of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of their actions.

93. Defendant HIALEAH is responsible for the acts of its police officers and agents and can be held liable for the actions and policies of the officers supervised by them.

94. The actions of Defendant SMITH-BONILLA, along with the other members of the police department, were done under the color of law and pursuant to the official policy, customs, and practices of Defendant CHIEF.

95. Defendant SMITH-BONILLA had improper training or inadequate training from Defendant HIALEAH and/or Defendant CHIEF in the requirements of the United States Constitution and the requirements for a proper search and seizure.

96. Defendant HIALEAH and/or Defendant CHIEF'S policies were the driving force causing Defendant SMITH-BONILLA to illegally search and detain PLAINTIFF and/or cause PLAINTIFF to be illegally searched and detained.

97. Defendant HIALEAH approved or ratified the unlawful and illegal conduct of Defendant SMITH-BONILLA as sworn officer.

98. Defendant CHIEF has the final policy-making authority for the City of Hialeah Police Department.  However, Defendant HIALEAH can be held liable for the policies and actions of its officers.

99. PLAINTIFF has also suffered damages as a result of her Fourth, and Fourteenth Amendment rights being violated.

100. As a direct result of Defendant HIALEAH'S actions, PLAINTIFF has suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of personal items, loss of her business, mental suffering, embarrassment,

humiliation, disgrace and injury to her feelings and reputation, the emotional and physical aspects, and all others damages associated with PLAINTIFF'S arrest, which exist to this day and which emotional suffering and damage is likely to continue into the future.

101. PLAINTIFF has retained the undersigned counsel to bring this action under *42 U.S.C §* ***1983*** and is entitled to recover from Defendant HIALEAH a reasonable fee for said counsel pursuant to *42 U.S.C. § 1988*.

WHEREFORE, PLAINTIFF, ADELA MEDINA, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant HIALEAH, a municipal corporation, and to award PLAINTIFF her attorneys' fees and costs pursuant to *42 U.S.C. § 1988* and other applicable laws.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 1.430(a), Florida Rules of Civil Procedure, Plaintiff, Adela Medina hereby demands a trial by jury for all issues so triable.

Dated this June 7, 2018.

Respectfully submitted,

**Baron, Breslin & Sarmiento**
**Fl. Rule of Jud. Admin. 2.516 Notice**
**Primary email: EService@RichardBaronLaw.com**
**Secondary Email: RS@RichardBaronLaw.com**

**s/ Ramon Sarmiento**
*Filed of Record via Eportal*

Ramon Sarmiento, Esq.
Fla. Bar # 0645702
Email: RS@RichardBaronLaw.com
Baron, Breslin & Sarmiento, Attorneys at Law
The DuPont Building
169 East Flagler Street
Suite 700
Miami, Fl 33131
Tel.: 305-577-4626
Fax.: 305-577-4630

Home (http://www.miami-dadeclerk.com/home.asp)
Online Services (http://www.miami-dadeclerk.com/online_services.asp)
About Us (http://www.miami-dadeclerk.com/about.asp)
Contact Us (http://www.miami-dadeclerk.com/contact.asp)
My Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Results

## ADELA MEDINA VS SERGIO VELAZQUEZ (POLICE CHIEF) ET AL

**Local Case Number:** 2018-019522-CA-01

**Filing Date:** 06/08/2018

**State Case Number:** 132018CA019522000001

**Case Type:** Other Civil Complaint

**Consolidated Case No.:** N/A

**Judicial Section:** CA10

**Case Status:** OPEN

---

### 👥 Parties

Number of Parties: 4 ▬

➦ Export to ▾



| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Medina, Adela | *B#:  (Bar Number)*645702<br>*N:  (Attorney Name)*Sarmiento, Ramon | |
| Defendant | Velazquez (Police Chief), Sergio | | |
| Defendant | Smith-Bonilla, Karen | | |
| Defendant | City of Hialeah (The) | | |

## ⚓ Hearing Details

**Number of Hearing: 0** ➕

## 🔊 Dockets

**Dockets Retrieved: 7** ➖

⮕ Export to ▾

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
|  | 6 | 06/21/2018 | | Notice of Filing: | Event | **RETURN OF SERVICE WITHOUT SUMMON** |
| | 5 | 06/18/2018 | | Receipt: | Event | **RECEIPT#:2270050 AMT PAID:$30.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 3 $10.00 $30.00 TENDER TYPE:CHECK TENDER AMT:$30.00 RECEIPT DATE:06/18/2018 REGISTER#:227 CASHIER:MIGONZA** |
| | | 06/18/2018 | | 20 Day Summons Issued | Service | |
| | 4 | 06/18/2018 | | 20 Day Summons Issued | Event | *Parties: Velazquez (Police Chief) Sergio; Smith-Bonilla Karen; City of Hialeah (The)* |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 3 | 06/16/2018 | | Receipt: | Event | RECEIPT#:3390264 AMT PAID:$401.00 NAME:SARMIENTO, RAMON 169 E FLAGLER ST STE 700 MIAMI FL 33131-1295 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 |
| 📄 | 2 | 06/08/2018 | | Complaint | Event | |
| 📄 | 1 | 06/08/2018 | | Civil Cover | Event | |

◀◀ Back to Results

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH) |

Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx) |

Home (http://www.miami-dadeclerk.com/home.asp) |

Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp) |

Disclaimer (http://www.miamidade.gov/info/disclaimer.asp) |

Contact Us (http://www.miami-dadeclerk.com/contact.asp) |

About Us (http://www.miami-dadeclerk.com/about.asp) |

MIAMI-DADE COUNTY (http://www.miamidade.gov)

2015 Clerk of the Courts. All Rights reserved.

https://www2.miami-dadeclerk.com/ocs/Search.aspx     3/4

S0142977